WILLIAM L. BOULDIN
NAME
F. 43339
PRISON NUMBER
CALIFORNIA INSTITUTION FOR MEN
CURRENT ADDRESS OR PLACE OF CONFINEMENT
CHINO, CA. 91708
CITY, STATE, ZIP CODE

```
FILED
FEB - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY
```

```
2254          1983
FILING FEE PAID
Yes ✓    No
IFP MOTION FILED
Yes      No ✓
COPIES SENT TO
Court ✓   ProSe
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM LEON BOULDIN JR
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

MICHEAL E. POULOS ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
and

PEOPLE OF THE STATE OF CALIFORNIA
The Attorney General of the State of
California, Additional Respondent.

Civil No '08 **CV 0217 L AJB**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   SUPERIOR COURT OF CALIFORNIA SAN BERNARDINO. (CENTRAL COURT)

2. Date of judgment of conviction: SEPTEMBER 07, 2006

3. Trial court case number of the judgment of conviction being challenged: FSB057764

   _____

4. Length of sentence: 24 YEARS 8 MONTHS

CIV 68 (Rev. Jan. 2006)



**5.** Sentence start date and projected release date: AUGUST 28, 2006 — SEPTEMBER 03, 2008

**6.** Offense(s) for which you were convicted or pleaded guilty (all counts): 273.5 CORPORAL INJURY TO SPOUSE

**7.** What was your plea? (CHECK ONE)
- (a) Not guilty ☐
- (b) Guilty ☑
- (c) Nolo contendere ☐

**8.** If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
- (a) Jury ☐
- (b) Judge only ☑

**9.** Did you testify at the trial?
☐ Yes ☑ No

**DIRECT APPEAL**

**10.** Did you appeal from the judgment of conviction in the **California Court of Appeal**?
☑ Yes ☐ No

**11.** If you appealed in the **California Court of Appeal**, answer the following:
- (a) Result: DENIED
- (b) Date of result (if known): JUNE 05, 2007
- (c) Case number and citation (if known): SWHSS 9354
- (d) Names of Judges participating in case (if known) —

- (e) Grounds raised on direct appeal: SENTENCING COURT VIOLATED ARTICLE I § 9, CLAUSE 3, OF THE U.S. CONSTITUTION AND CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT CASE NO. 05-6551 (2007)

**12.** If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
- (a) Result: DENIED
- (b) Date of result (if known): —
- (c) Case number and citation (if known): S153531

- (d) Grounds raised: SENTENCING COURT VIOLATED ARTICLE I § 9, CLAUSE 3, OF THE UNITED STATES CONSTITUTION AND THE EX PASTO FACTO LAW BY ILLEGALLY IMPOSING THE "UPPER TERM" WHEN THE FACTS OF THE TERM HAD NOT BEEN DETERMINED TO BE TRUE BY A JURY.

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result: _____

    (b)  Date of result (if known): _____

    (c)  Case number and citation (if known): _____

    _____

    (d)  Grounds raised: _____

    _____

    _____

    _____


## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☑ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known): _SWHSS  9354_

    (b)  Nature of proceeding: _WRIT OF HABEAS CORPUS_

    _____

    (c)  Grounds raised: _ARTICLE I §9, CLAUSE 3, OF THE UNITED STATES CONSTITUTION AND THE EX PARTO FACTO LAW. CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT CASE NO. 05-6551 (2007)_

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☑ No

    (e)  Result: _____

    (f)  Date of result (if known): _____


16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☑ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): SWHSS 9354 & FSB057764

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: ARTICLE I § 9, CLAUSE 3, OF THE UNITED STATES CONSTITUTION AND THE Ex PASTO FACTO LAW CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT CASE NO 05-6551 (2007)

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☑ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☑ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S153531

    (b) Nature of proceeding: WRIT OF HABEAS CORPUS

    (c) Grounds raised: ARTICLE I § 9 CLAUSE 3, OF THE UNITED STATES CONSTITUTION AND THE Ex PASTO FACTO LAW. CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT CASE NO. ILLEGAL IMPOSEMENT OF THE "UPPER TERM" 05-6551 (2007) WITHOUT THE FACTS BEING FOUND TRUE BY A JURY

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result (if known): _____

CIV 68 (Rev. Jan. 2006)

-4-

cv

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No     (IF "YES" SKIP TO #22)
  (a)  If no, in what federal court was the prior action filed? _____
   (i) What was the prior case number? _____
   (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☐ Dismissed for procedural reasons?
   (iii) Date of decision: _____
  (b)  Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☐ No
  (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

**GROUNDS FOR RELIEF**

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: VIOLATION OF ARTICLE I §9 CLAUSE 3, OF THE UNITED STATES CONSTITUTION AND THE EX PASTO FACTO LAW BY ILLEGALLY IMPOSING THE "UPPER TERM" WITHOUT A JURY

**Supporting FACTS**: On September 07, 2006 AT PETITIONERS SENTENCING, THE SENTENCING JUDGE "ABUSED HIS AUTHORITY AND LEGAL DISCRETION" UNDER THE CALIFORNIA DETERMINATE SENTENCING LAW (DSL) BY ILLEGALLY IMPOSING THE "UPPER TERM" OF FOUR YEARS ON COUNT ONE ALLEGEDLY VIOLATING PENAL CODE SECTION 273.5 "SPOUSAL ABUSE". THE JUDGES FINDING BY A PREPONDERANCE OF EVIDENCE THAT CIRCUMSTANCES IN AGGRAVATING OUTWIEGHED CIRCUMSTANCES IN MITIGATION, IN ERROR, WHICH VIOLATED THE PETITIONERS SIXTH AMENDMENT RIGHT AND FOURTEENTH AMENDMENT RIGHT TO A JURY TRIAL. THE SENTENCING COURT DID VIOLATE ARTICLE I §9.

SUPPORTING CASES:
CUNNINGHAM V. CALIFORNIA U.S. SUPREME COURT (CASE No. 05-6551 (2007)
UNITED STATES V. BOOKER, 543 U.S. 220, 243-244 (2005)
BLAKELY V. WASHINGTON, 542 U.S. 296, 304-305 (2004)
APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)

**Did you raise GROUND ONE in the California Supreme Court?**
☑ Yes ☐ No.

If yes, answer the following:
(1) Nature of proceeding (i.e., petition for review, habeas petition): WRIT OF HABEAS CORPUS
(2) Case number or citation: S153531
(3) Result (attach a copy of the court's opinion or order if available): DENIED

**(b)** **GROUND TWO**: PETITIONER LEGALLY CONTENDS THAT HIS SIXTH AMEND-MENT RIGHT WAS VIOLATED BY COUNSEL, WHEN COUNSEL USED FORCE AND FEAR TO SIGN THE PLEA-BARGAIN AGREEMENT IN ERROR.

**Supporting FACTS**: AT PETITIONERS SENTENCING THE DEPUTY PUBLIC DEFENDER RICHARD STERLING DID WILLFULLY, MALICIOUSLY, AND PURPOSEFULLY INSTRUCT THE PETITIONER TO PLEAD GUILTY TO THE PLEA-BARGAIN AGREEMENT IN ERROR. AND WAS ILL-ADVISED BY COUNSEL TO AVOID A JURY TRIAL AND TO NOT WASTE THE TAXPAYERS MONEY AND THE COURTS TIME, AND ACCEPT THE PLEA-BARGAIN OFFERED BY THE DISTRICT ATTORNEY'S OFFICE. PETITIONER CONTENDS THAT HIS SIXTH AMENDMENT RIGHT TO COUNSEL DURING SENTENCING AND COUNSEL COMMITTED "INEFFECTIVE ASSISTANCE OF COUNSEL" BY PRESSURING PETITIONER TO SIGN THE PLEA-AGREEMENT, IN ERROR. DEPUTY PUBLIC DEFENDER VIOLATED THE PETITIONERS SIXTH AMENDMENT RIGHT AND FOURTEENTH AMENDMENT RIGHT OF "DUE PROCESS". PETITIONER IS REQUESTING THE "MID-TERM" OF IMPRISONMENT OF THREE YEARS WITH HALF-TIME CREDITS AND AN "AMENDMENT ABSTRACT OF JUDGEMENT" REFLECTING THIS CHANGE.

**Did you raise GROUND TWO in the California Supreme Court?**
☑ Yes ☐ No.

   If yes, answer the following:

   (1)  Nature of proceeding (i.e., petition for review, habeas petition): WRIT OF HABEAS CORPUS
   (2)  Case number or citation: S153531
   (3)  Result (attach a copy of the court's opinion or order if available): DENIED

**(c) GROUND THREE**: _____

N/A

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)    Case number or citation: _____

    (3)    Result (attach a copy of the court's opinion or order if available): _____

**(d)** **GROUND FOUR**: _____

_____ N/A _____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes    ☑ No

24. If your answer to #23 is "Yes," give the following information:

   (a) Name of Court: _____

   (b) Case Number: _____

   (c) Date action filed: _____

   (d) Nature of proceeding: _____

      _____

   (e) Name(s) of judges (if known): _____

   (f) Grounds raised: _____

      _____

      _____

      _____

      _____

   (g) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes    ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing: _____

   (b) At arraignment and plea: RICHARD STERLING PUBLIC DEFENDER SAN BERNARDINO SUPERIOR COURT, 350 N. ARROWHEAD AVE. SAN BERNARDINO

   (c) At trial: _____

      _____

   (d) At sentencing: RICHARD STERLING DEPUTY PUBLIC DEFENDER SAN BERNARDINO SUPERIOR COURT, 350 N. ARROWHEAD AVE. SAN BERNARDINO

   (e) On appeal: _____

   (f) In any post-conviction proceeding: _____

      _____

   (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

      _____

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
     ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.   **OR**   ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

cv

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
_JANUARY   20TH   2008_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_JANUARY  11TH, 2008_        _William 2. Bouldin_

(DATE)                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

cv

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**<u>ORDER</u>**

FILED
JUN 0 5 2007
COURT OF APPEAL FOURTH DISTRICT

In re WILLIAM L. BOULDIN, JR.,

    on Habeas Corpus.

E043053

(Super.Ct.Nos. SWHSS9354 &
FSB057764)

The County of San Bernardino

---

THE COURT

    The petition for writ of habeas corpus is DENIED.

MILLER
_____
                           Acting P.J.

cc:    See attached list

COPY

# EXHIBIT

# A

Exhibit a

ARGUMENT

POINT ONE: CALIFORNIA LAW MANDATES IMPOSING THE MID-TERM
SENTENCE AND CONCURRENT SENTENCES UNLESS OTHER FACTORS
REQUIRE OTHERWISE; ACCORDINGLY, THESE STATUTORY
SCHEMES VIOLATES THE HOLDING IN BLAKELY VS.
WASHINGTON IN THAT THEY FAIL TO REQUIRE THE ADDITIONAL
FACTORS TO BE FOUND TO BE TRUE BY A JURY BEYOND A
REASONABLE DOUBT.

A. Blakely

In Blakely v. Washington (No. 02-1632, decided June 24, 2004) ___U.S. ___ , 2004
D.J.D.A.R. 7581, 2004 WL 1402697, 2004 U.S. Lexis 4573)(Blakely), the Court considered
the validity of Washington's statutory sentencing scheme, in which the judge is permitted to
impose an "exceptional" sentence exceeding the statutory maximum, based on additional facts
found by the judge, not the jury. In Blakely, the defendant pleaded guilty to kidnaping his
estranged wife. The facts admitted in his plea supported a maximum sentence of 53 months.
After a separate (non jury) sentencing hearing, the trial judge found that the defendant acted
with "deliberate cruelty." Based on that aggravating factor, the judge imposed a total
sentence of 90 months.

In a 5-4 decision, the United States Supreme Court reversed. Relying on its prior

435 (Apprendi), the Court held that the judge could not increase Blakely's sentence based on his finding of "deliberate cruelty,"because the facts supporting that finding were not admitted by Blakely or found to be true by a jury. (Blakely v. Washington, supra, ___U.S.___, 2004U.S. Lexis 4573 at pp.10-17, 31-32 ).

In reaching this conclusion, the court reaffirmed its earlier decision in Apprendi, holding the Sixth Amendment requires any fact, other than a prior conviction, which increases a defendant's punishment beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt. (Blakely v. Washington, supra,___U.S.___, 2004 U.S. Lexis 4537 at pp.10-13, 16-17). BecauseWashington's sentencing procedure did not comply with the Sixth Amendment, the court held Blakely's sentence is invalid. (Blakely v. Washington, supra, ___U.S.___, 2004 U.S. Lexis 4537 at p. 17).

The Court also addressed the circumstances in which a sentence exceeds the "statutory maximum," requiring factual findings by a jury and proof beyond a reasonable doubt. The court defined the "statutory maximum"as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Blakely v.Washington, supra, ___U.S.___, 2004 U.S. Lexis 4573 at p.13-15, citing Ring v. Arizona (2002) 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556).

In other words, the relevant "statutory maximum is not the maximum sentence a judge may impose after finding additional facts [to support a sentence enhancement], but the maximum he may impose without any additional findings. When a judge inflicts punishment that the

jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," [citation omitted], and the judge exceeds his proper authority. (Blakely v. Washington, supra, ___ U.S. ___; 2004 U.S. Lexis at p. 14).

In summary, Blakely holds that aggravating factors which are to be used to increase a sentence must be presented to the jury for its consideration. "As Apprendi held, every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment." (Blakely v. Washington, supra, ___ U.S. ___ ; 2004 U.S. Lexis 4573 at p. 31; emphasis in original). If  Penal Code section 1170, subdivision (b) provides in pertinent part: (b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term unless there are circumstances in aggravation or mitigation of the crime..... In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports ... and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court the jury does not find unanimously and beyond a reasonable doubt that those facts exist, the judge may not use them to increase a sentence, and sentencing procedures which do not meet these requirements violate the Sixth Amendment.

Blakely applies to all cases in which the direct appeal is still pending. (Schriro v.

Summerlin (No. 03-526, decided June 24, 2004) U.S. , 2004 D.J. D.A.R. 7569, 2004 WL

1402732, 2004 Lexis U.S. 4574 at p. 7 ["When a decision of this Court results in a 'new

rule,' the rule applies to all criminal cases still pending on direct review"]; Griffith v.

Kentucky (1987) 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649).

B. The California Sentencing Scheme

1. Selection of Upper Term

As relevant here, California's determinate sentencing scheme, as set forth in Penal Code

section 11701 and California Rules of Court rules 4.420, shall set forth on the record the

facts and reasons for imposing the upper or lower term. . .(Penal Code, § 1170, subd. (b)).\

2 Rule 4.420 of the California Rules of Court provides in pertinent part: (a) .... The middle

term shall be selected unless imposition of the upper or lower term is justified by

circumstances in aggravation or mitigation. (b) Circumstances in aggravation shall be

established by a preponderance of the evidence . Selection of the upper term is

justified only if, after a consideration of all the relevant facts, the circumstances in

aggravation outweigh the circumstances in mitigation. The relevant facts are included in the

case record, the probation officer's report, other reports and statements properly

received, statements in aggravation or mitigation, and any further evidence introduced at the

sentencing hearing. . . (d) A fact that is an element of the crime shall not be used to impose

the upper term. (e) The reasons for selecting the upper or lower term shall be stated

orally on the record, and shall include a concise statement of the ultimate facts which the

court deemed to constitute circumstances in aggravation or mitigation justifying the term selected. (Cal. Rules of Court, rule 4.420 (a), (b), (d), (e); emphasis added).et seq.,2 permits the sentencing judge to select from among the lower, middle, and upper terms prescribed by statute for a particular offense. The term of imprisonment that may be imposed based solely on the jury's verdict is the middle term. The judge may not impose the upper term unless he finds, by a preponderance of the evidence, that.there are additional aggravating factors, which outweigh any mitigating factors. (Penal Code, §.1170, subd. (b); Cal. Rules of Court, rule 4.420(b)). The judge may base these findings on matters not presented to the jury (e.g., probation reports). (Penal Code, § 1170, subd. (b); Cal. Rules of Court, rule 4.420(b)). In addition, a fact which is an element of the crime cannot be used to impose the upper term. (Cal. Rules of Court, rule 4.420(d)). This statutory scheme does not require aggravating factors be found true beyond a reasonable doubt by a unanimous jury. Rather, such findings are made solely by the trial judge based upon a preponderance of the evidence and may be based on material that the jury never considered (e.g., probation reports). Moreover, by virtue of rule 4.420, subdivision (d), the judge is specifically prohibited from imposing the upper term based on any elements of the underlying offense; the very things that the jury unanimously found to be true beyond a reasonable doubt. California's sentencing scheme is highly similar to the sentencing procedures found invalid in Blakely. Under Washington's Sentencing Reform Act, a judge may impose a sentence above the standard range only if he finds "substantial and compelling reasons justifying an exceptional sentence."

11

. (Wash.Rev.Code, § 9.94A.535, formerly, § 9.94A.120(2)).

Similarly, in California, the upper term of imprisonment may be imposed only if the judge finds one or more aggravating factors. (Penal Code, § 1170, subd. (b), Cal. Rules of Court, rule 4.420 (b)). The Washington Act lists aggravating factors that justify such a departure, which are strikingly similar to the aggravating factors listed in rule 4.423 of the California Rules of Court. (Compare Wash.Rev.Code, § 9.94A.535, formerly, § 9.94A.390, with Cal. Rules of Court, rule 4.423). However, "[a] reason offered to justify an exceptional sentence can be considered only if it takes into account factors other than those which are used in computing the standard range sentence for the offense." (State v. Gore (2001) 143 Wash.2d 288, 315-316, 21 P.3d 262, 277). Similarly, in California, the upper term may not be imposed based on a fact which is also an element of the offense. (Cal. Rules of Court, rule 4.420(d)). Under the Washington Act, when a judge imposes an exceptional sentence, he must set forth findings of fact and conclusions of law supporting it (Wash.Rev.Code, § 9.94A.535, formerly, § 9.94A.120(3)); in California, a judge who selects the upper term must state his reasons for doing so on the record. (Cal. Rules of Court, rule 4.420(e)).

Thus in all pertinent respects, California's sentencing scheme suffers from the same defects as the Washington scheme that the Court struck down in Blakely.

2. Consecutive Sentences

12

California's sentencing laws also permit the trial judge to impose consecutive sentences,

<u>Penal Code section 669</u> provides in pertinent part: (a) When any person is convicted of two

or more crimes,

whether in the same proceeding or court or in different proceedings or courts, and whether

by judgment rendered by the same judge or by different judges, the second or other

subsequent judgment upon which sentence in ordered to be executed shall direct whether the

terms of imprisonment or any of them to which he or she is sentenced shall run

concurrently or consecutively. . . .Upon the failure of the court to determine how the terms

of imprisonment on the second or subsequent judgment shall run, the term of

imprisonment on the second or subsequent judgment shall run concurrently. . . (Penal Code,

§ 669). 4California Rules of Court, rule 4.425 states: Criteria affecting the decision to impose

consecutive rather than concurrent sentences include: (a) [Criteria relating to crimes] Facts

relating to the crimes, including whether or not: (1) The crimes and their objectives were

predominantly independent of each other. (2) The crimes involved separate acts of violence

or threats of violence. (3) The crimes were committed at different times or separate

places, rather than being committed so closely in time and place as to indicate a single period

of aberrant behavior. increased punishment, in the form of consecutive sentences, based on

<u>facts not submitted to or found to be true by a jury</u>. Penal Code section 669 provides

that in the absence of special findings by the trial judge, sentences for two or more felonies

shall run concurrently. 3 The rule implementing this statute is California Rules of Court, rule

13

4.4254, which specifies the criteria for determining whether to sentence consecutively or concurrently. Thus, in order to sentence consecutively rather than concurrently, the trial judge has to find one or more of the factors listed in rule 4.425. None of these factors is presented to or found true beyond a reasonable doubt by a unanimous jury. Indeed, rule 4.425 expressly prohibits the use of facts found by the jury, such as elements of the offense and facts supporting enhancements, in the decision to impose consecutive sentences. (Cal.Rules of Court; rule 4.425(b)).

Consecutive sentencing under these provisions permits the trial judge, alone, to increase the defendant's punishment based on facts beyond those found by the jury verdict. For these reasons, the consecutive sentencing scheme in California also fails the Apprendi test as explained in Blakely and thus violates the Sixth Amendment right to a jury trial.

Appellant is mindful that Division Five of this Court recently filed an opinion holding that Blakely does not apply to consecutive sentences. ( See People vs. Sikes, Case Number: B 168042, certified for partial publication, filed July 27, 2004.) Appellant respectfully disagrees with that panel's analysis. It simply concludes that our consecutive sentencing scheme passes the Apprendi test. The opinion, however, does not adequately respond to the analysis given here.

Additionally, as food for thought, this Court must consider the fact that the California Supreme Court has recently granted hearings on two cases which involve Blakely issues. The opinions are not published. We are not attempting to use them here as precedent but merely

14

refer to them to illustrate the fact that hearings have been granted. ( See <u>People vs. Towne</u>, Supreme Court Case Number: S125677, Rev. Granted 6/14/04 and <u>People vs. Black</u>, Supreme Court Case Number: S 126182, Rev. Granted 7/28/04)

Accordingly, it is not far fetched to believe that another Court may find the consecutive sentencing scheme to constitutionally infirm. Counsel would be remiss in his duty by failing to raise these issues.

The statutory scheme used to sentence Appellant to a high base term and to make all of his enhancements run consecutively do not require the additional factors be found to be true by a jury beyond a reasonable doubt.

Accordingly, the judgment should be reversed and the case remanded for re-sentencing.

WHEREFORE, appellant prays for judgment that:

(1) the judgment of the trial court be reversed; and,

(2) For General Relief

DATED: ~~June 14, 2007~~
03 JANUARY, 2008                          By _William L. Bartolo_

15

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

**William Leon Bouldin, Jr.**

2354    1983

FILING FEE PAID

Yes ✓    No

**IFP MOTION FILED**

Yes    No

COPIES SENT TO

Court ✓    ProSe

DEFENDANTS

**Micheal E. Poulos**

FEB – 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED    San Bernardino
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**William Leon Bouldin, Jr. F-43339**
**California Institution For Men**
**PO Box 600**
**Chino Hills, CA 91708-0600**

ATTORNEYS (IF KNOWN)

**'08 CV 0217 L AJB**

---

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

---

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

---

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE

Docket Number

DATE 2/4/08    #147219
          2/4/08 for BS.—

SIGNATURE OF ATTORNEY OF RECORD
PDC

CR

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 147219     — SR

## February 04, 2008
## 16:29:31

## Habeas Corpus
USAO #.: 08CV0217 HABEAS
Judge..: M. JAMES LORENZ
Amount.:                    $5.00 MO
Check#.: 93426745612


## Total—> $5.00


FROM: BOULDIN V. POULOS
      HABEAS